## WHELAN v. WHELAN, 3 Cow. 537.
### Not reported below.

### *Fraud and Undue Influence.*

I. As between child and parent.
II. As to representation, consideration, confidence.

Whelan, a man of 74 years of age, owning a considerable real estate, the father of 7 children, and whose wife was

sickly and irritable, was troubled for several years, with dis-
sensions in his family about the management of his property,
his wife taking part with all his children, except W. and J.,
two of his sons, who took part with him: and the dissension
ran so high, that the mother and the children who took part
with her, departed, leaving W. and his two sons W. and J.,
in possession of the property, the management of which was
confided by the father to them, as it had been for some time
before the family was broken up. Whelan was credulous,
and easily led by William, and shortly after his wife left him,
he was sued in a justice's court for her board; and on asking
William's advice, William told him, that if he intended to
give him anything, he wished he would do it; that as he and
his mother were conducting, he would soon have nothing to
give. Whelan's fears being alarmed by a belief that his
wife would dissipate his property, in order to place it beyond
the reach of debts which she might contract, he was induced
to convey most of his real and personal estate to these two
sons in fee, amounting to more than $9,000, and a farm, &c.,
to William, in trust for another son; but which trust was by
parol only. Though he had before declared an intention to
give all his estate to William and J. by way of advancement;
and though they executed to him a bond and mortgage to
secure his and his wife's maintenance, and $50 a year during
their lives; yet *held*, that the conveyance, executed under such
circumstances, was void, as being caused by fraud, undue
influence, and unfounded alarm, excited or countenanced by
William, and being also for an inadequate consideration; and
though J. might have had no part in bringing it about, yet
held that it was void also as to him.

2. Held also, that to warrant relief for any cause in a court
of equity, (*e. g.* for undue influence in procuring a conveyance,)
it must be stated in the bill; but the charge need not be di-
rect; it is sufficient if on a hearing, upon the pleadings and
proofs, the ground of relief can be gathered from an exami-
nation of the whole bill.

3. Also held, that a conveyance obtained by children from a
father, will not be sanctioned by a court of equity, if it ap-
pear to have been caused by an abuse of confidence re-
posed by him in his children, who for the purpose of procu-

ring it, took advantage of his age, imbecility, and partiality for them, the conveyance being also for an inadequate cause.

4. Also held, that a conveyance by a father 74 years of age, his wife being near 70, and in delicate health, to his two sons, of real and personal estate, worth more than $9,000, taking from his sons a bond and mortgage, to secure his and his wife's maintenance and an annuity of $50 during their lives, was for a consideration grossly inadequate; it not appearing to be intended as an advancement.

5. If a representation be made by one to another, who is going to deal in a matter of interest, upon the faith of that representation, the latter shall make it good.

6. He who bargains, in a matter of advantage with a person placing confidence in him, is bound to show that a reasonable use has been made of that confidence.

7. One falsely supposing his estate in danger, conveys it to his sons, who know that it is not in danger, but neglect to set the grantor right; this concealment is a sufficient ground for avoiding the conveyance.

8. When a grant is made by an aged father to his children with whom he lives, who have the management of his property, and in whom he reposes particular confidence, if a court of equity sees that any acts or stratagems, or any undue means, or the least speck of imposition, or the least *scinlitter* of fraud entered into the bargain, it will avoid the grant.

9. A deed procured by fraud or undue influence is void, and will be set aside in equity, not only as against the one who practiced the fraud, or exerted the influence, but as to third persons who have acquired interests under it, though they may be perfectly innocent, thus undoing the whole transaction.

10. Marriage is a valuable consideration; a voluntary deed ceases to be so, if a marriage be induced by its provisions; but it should appear that it was the cause of the marriage, by evidence to that effect. The mere fact that one, holding a voluntary conveyance of property, marries, will not make the conveyance good.

11. All persons concerned in the demand, or who may be affected by the relief prayed, ought to be parties to a bill in

equity, if within the jurisdiction of the court; but to a bill filed against one to set aside a deed of bargain and sale of land, absolute on its face, though the parties agreed by parol that it should be in trust for another, the latter need not be made a party, for the trust not being declared by writing, is void.

12. A trust must be manifested and proved by writing, or it is void within the statute of frauds.

Decree of Chancellor dismissing bill, <em>reversed.</em>